UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re COLLEGE PROPERTIES LIMITED PARTNERSHIP, a limited partnership,<br><br>In re COLLEGE PROPERTIES II, an Arizona limited partnership,<br><br>        Debtors. | Chapter 11 Proceedings<br>Case No. 02-05-10095-PHX-CGC and<br>Case No. 02-05-15155-RJH<br><br>Jointly Administered<br><br>UNDER ADVISEMENT DECISION RE: APPLICATION FOR APPROVAL AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO STEGALL, KATZ & WHITAKER, P.C. AS ATTORNEY FOR THE GENERAL PARTNER |

**I.    Introduction and Background**

Stegall, Katz & Whitaker, P.C. ("Stegall") represents Thomas D'Ambrosio, the general partner of the debtors. It has filed an application for legal fees and costs incurred after January 8, 2007, the date the Settlement Agreement and Comprehensive Release ("SACR") was signed, in the amounts of $34,570.00 and $1,359.66. An objection was filed by Anthony dePetris.[1]

**II.    Discussion**

    A.    Background

The SACR states that "Non-Settling Parties need to recognize that if the GP or any other party is successful in defending the claims, such parties shall have a claim to recover attorneys' fees and costs from the Non-Settling Party Funds." This provision imposes three requirements to recover fees from Non-Settling Party Funds: 1) the Funds against which fees are recoverable are those otherwise distributable to Non-Settling Parties who actually pursued claims after the settlement; 2) the fees must be incurred in defending claims brought in litigation by parties who have not accepted the SACR; and 3) the defense of such claims must have been "successful."

---

[1] The objection was filed by Donald Hudspeth who, for a time, represented Mr. DePetris. Joseph T. Stewart later was substituted in his place. Mr. Stewart prosecuted the objection at the hearing but did not file any further pleadings on the subject.

B.  Point 1: The Source of the Fees

The post-settlement claim brought here consists of the appeal filed from the order approving the SACR. For the reasons stated in the memorandum decision of even date relating to the Trustee's fee application (the "Trustee Decision"), the Court finds and concludes that the Non-Settling Parties Funds otherwise distributable to the dePetris and Palmer, the two parties who appealed, may be used to pay Stegall's fees to the extent they are reasonable and appropriate and are authorized under Paragraph 5 of the SACR.

C.  Point 2: The Nature of the Fees

The Stegall Application divides fees into three components: 1) general post-settlement fees; 2) fees relating to challenging special counsel fees; and 3) fees incurred in preparing the fee application. At the hearing, counsel conceded that the second category should be excluded and the Court finds that the third category is not within the contemplation of Paragraph 5. Therefore, the analysis turns to the first category.

A substantial amount of the fees ($8080.00) was incurred prior to the commencement of the appeal. These dealt broadly with coordination with Trustee's counsel, advice to the general partner, correspondence with the limited partners, and correspondence with Objector's counsel. None of these fees are within the contemplation of Paragraph 5 and will be disallowed for that reason. Of the fees incurred after the filing of the notice of appeal, $11,740 dealt directly with the prosecution of the appeal and the remainder were of a similar nature to the pre-appeal fees.

Objector challenges whether any of the fees were necessary and argues, instead, that they were duplicative. While the primary sponsor of the SACR was the Trustee, the general partner had a very large stake in its success. For example, he was the target defendant in litigation dismissed as part of the SACR and the focus of most of the ire of the disappointed limited partners. Therefore, it was appropriate for his counsel to defend the appeal separately from the Trustee. The Court has reviewed the fees and the amounts sought for this purpose are reasonable.[2]

---

[2] Identifiable costs related to the appeal total $380.51.

D. Has the defense been successful?

Objector argues that it is premature to award any fees because "success," or the lack of it, will not be known until the appeal is decided by the Circuit. There is merit in this contention. While Stegall may believe and argue that the appeal has little chance of success because of existing 9th Circuit authority on equitable mootness, none of us will know whether the Circuit agrees until the decision is made. Therefore, the Court will award to Stegall fees of $11,740.00 and costs of $380.51 for the appeal to date subject to a decision at the Circuit either dismissing the appeal or affirming the bankruptcy court decision. Until that result is known, the Trustee shall sequester funds sufficient to pay the fees. This decision is without prejudice to a further application for fees incurred in the continuing appeal.

Counsel to submit a form of order.

So ordered.

**DATED: November 13, 2007**

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Clifford B. Altfeld
Altfeld Battaile & Goldman
250 N. Meyer Avenue
Tucson, Arizona 85701-1090
Special Counsel to Trustee

Brian J. Mullen
P.O. Box 32247
Phoenix, Arizona 85064
Chapter 11 Trustee

James E. Cross
Brenda K. Martin
Osborn, Maledon, PA

3

| | |
|---|---|
| 1 | 2929 N. Central Avenue, 21st Floor |
| | Phoenix, Arizona 85012-2974 |
| 2 | Attorneys for Brian J. Mullen, Trustee |
| 3 | Charles T. Stegall |
| | Loren I. Thorson |
| 4 | Stegall, Katz & Whitaker, PC |
| | 531 E. Thomas Road, suite 102 |
| 5 | Phoenix, Arizona 85012-3239 |
| | Attorneys for Tom D'Ambrosio |
| 6 | |
| | Charles J. Kelhoffer |
| 7 | Tamlyn E. Lewis |
| | Geoffrey M. Khotim |
| 8 | Ridenour, Heinton, Kelhoffer, Lewis & Garth, PLLC |
| | 201 N. Central Avenue, Suite 3300 |
| 9 | Phoenix, Arizona 85004 |
| | Attorneys for Montage Industries, Inc., |
| 10 | Black Mountain Homes, LLC and |
| | Casa del Oro Development, LLC |
| 11 | |
| | Randy Nussbaum |
| 12 | Kevin J. Rattay |
| | Jaburg & Wilk, PC |
| 13 | 3200 N. Central Avenue, Suite 2000 |
| | Phoenix, Arizona 85012-2440 |
| 14 | Attorneys for Montage Industries, Inc., |
| | Black Mountain Homes, LLC and |
| 15 | Casa del Oro Development, LLC |
| 16 | Joseph T. Stewart |
| | Law Office of Joseph T. Stewart |
| 17 | 1100 E. Washington Street, Suite 200 |
| | Phoenix, Arizona 85034-1090 |
| 18 | Attorneys for Anthony DePetris and Patricia Palmer |
| 19 | Richard Cuellar |
| | Office of the U.S. Trustee |
| 20 | 230 N. First Avenue, Suite 204 |
| | Phoenix, Arizona 85003 |
| 21 | |
| | Jerry L. Carlson |
| 22 | 14582 W. Zuni Trail |
| | Surprise, Arizona 85374 |
| 23 | |
| | E.C. Scappatura, M.D. |
| 24 | No address provided |
| 25 | |
| 26 | _____ |
| 27 | |
| 28 | |

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    5

Case 2:05-bk-10095-DPC    Doc 297    Filed 11/13/07    Entered 11/13/07 10:38:46    Desc
                         Main Document    Page 5 of 5